UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

CHRISTOPHER OZANICH,
    Plaintiff,

-vs-                                          Case No.
                                                    Hon.
MRC RECEIVABLES CORP.
MIDLAND CREDIT MANAGEMENT, INC.
    Defendants

## COMPLAINT & JURY DEMAND

*Christopher Ozanich states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Christopher Ozanich who resides in Howell, Michigan.

4. The Defendants to this lawsuit are as follows:

    a. MRC Receivables Corp. ("MRC") which is a corporation doing business in Michigan

    b. Midland Credit Management, Inc. ("Midland Credit") which is a corporation doing business in Michigan.

5. MRC is engaged in the business of purchasing alleged charged-off consumer debts and

1

        attempting to collect them from consumers.

6. On information and belief, MRC pays an average of less than ten cents on the dollar for the debts it purchases.

7. MRC is a subsidiary of Encore Capital Group.

8. According to the SEC filings of its public parent, Encore Capital Group, MRC and its affiliates "acquire[] its receivable portfolios at deep discounts from their face values using its proprietary valuation process that is based on the consumer attributes of the underlying accounts." (Form 10-K filed by Encore with the SEC for the year ending December 31, 2006, original p.3). By deep discount it is meant 3.0 to 3.36% of face value. (*Id.,* original p. 28).

9. MRC attempted to collect a Household Bank credit card account from Mr. Ozanich.

10. Midland Credit is also a subsidiary of Encore Capital Group.

11. Midland Credit is the servicer of the underlying Household Bank account for MRC.

## Venue

12. The transactions and occurrences which give rise to this action occurred in Livingston County.

13. Venue is proper in the Eastern District of Michigan.

## General Allegations

14. On October 30, 2007, MRC filed a lawsuit against Mr. Ozanich in the 52nd Michigan District Court, seeking to collect a purported Household Bank credit card account under an open account or contract theory.

15. A copy of the complaint and attached affidavit is attached as Exhibit A.

16. Any such debt would have been incurred for personal, family or household purposes.

17. The complaint did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed, even though under MCR 2.113(f) if a claim is based on a written instrument, a copy of that instrument must be attached to the pleading.

18. The complaint did not have an account statement attached to it and did not allege any explanation for the absence of such a statement.

19. No contract wholly in writing ever existed with respect to the alleged debt.

20. The purported debt was barred by the four year Nevada statute of limitations for contracts not wholly in writing; alternatively, the purported debt was barred by the six year Nevada statute of limitations for instruments in writing. Both the charge off date and the date of last payment on the account were more than six years prior to the date of filing of the collection complaint.

21. MRC regularly sues Michigan residents for purported credit card debt on which the date of the last payment were more than four years previously, even though it does not have any written contract.

22. Plaintiff was forced to retain counsel to defend the lawsuit and incur attorney fees.

23. The 52nd District Court entered a stipulated dismissal order on March 11, 2008, dismissing the case with prejudice.

24. This is a final adjudication that Mr. Ozanich does not owe the Household Bank account.

25. MRC files lawsuits which it knows or should know are time-barred, hoping that consumers will default. In many instances they do default as they are without the means to obtain

counsel.

26. Midland Credit has falsely reported the Household Bank account on Mr. Ozanich's credit report as due and owing in the amount of $1,312.00, as late as September 2008.

27. Reporting the account to a credit reporting agency constitutes collection activity.

28. As a result of the acts alleged above, Plaintiff has suffered damages.

## COUNT I – Fair Debt Collection Practices Act (MRC)

29. Mr. Ozanich incorporates the preceding allegations by reference.

30. At all relevant times MRC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31. MRC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

32. At all times relevant to this complaint, MRC sought to collect a "consumer" debt from Mr. Ozanich.

33. MRC actions to collect this alleged debt from Mr. Ozanich violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. § 1692 e, e(2), e(8), e(10), f, f(1). Mr. Ozanich has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

34. Mr. Ozanich incorporates the preceding allegations by reference.

35. MRC is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

36. Mr. Ozanich is a debtor as that term is defined in M.C.L. § 339.901(f).

37. MRC 's foregoing acts in attempting to collect this alleged debt against Mr. Ozanich

constitute violations of the MOC including but not limited to the following, M.C.L. § 339.915(e), (f), and (q).

38. Mr. Ozanich has suffered damages as a result of these violations of the MOC

39. These violations of the MOC were willful.

## COUNT III – Michigan Debt Collection Practices Act (MRC)as alternative to claims under the Michigan Occupational Code

40. Mr. Ozanich incorporates the preceding allegations by reference.

41. MRC is a "regulated person" under the Michigan Debt Collection Practices Act ("MDCPA"), M.C.L. § 445.251(g)(xi).

42. MRC 's foregoing acts in attempting to collect this alleged debt against Mr. Ozanich constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to, the following, M.C.L. § 445.252(e), (f) and (q).

43. Mr. Ozanich has suffered damages as a result of MRC's violations of the Michigan Collection Practices Act.

44. MRC's violations of the Michigan Collection Practices Act were willful.

## COUNT IV – Fair Debt Collection Practices Act (Midland Credit)

45. Mr. Ozanich incorporates the preceding allegations by reference.

46. At all relevant times Midland Credit – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

47. Midland Credit is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

48. At all times relevant to this complaint, Midland Credit sought to collect a "consumer" debt from Mr. Ozanich.

49. Midland Credit actions to collect this alleged debt from Mr. Ozanich violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. § § 1692 e, e(2), e(8), e(10), f, and f(1).

50. Mr. Ozanich has suffered damages as a result of these violations of the FDCPA.

### COUNT V – Michigan Occupational Code (Midland Credit) as alternative to claims under the Michigan Collection Practices Act

51. Mr. Ozanich incorporates the preceding allegations by reference.

52. Midland Credit is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

53. Mr. Ozanich is a debtor as that term is defined in M.C.L. § 339.901(f).

54. Midland Credit 's foregoing acts in attempting to collect this alleged debt against Mr. Ozanich constitute violations of the MOC including but not limited to the following. M.C.L. § 339.915(e) and (q).

55. Mr. Ozanich has suffered damages as a result of these violations of the MOC

56. These violations of the MOC were willful.

### COUNT VI – Michigan Debt Collection Practices Act (Midland Credit) as alternative to claims under the Michigan Occupational Code

57. Mr. Ozanich incorporates the preceding allegations by reference.

58. Midland Credit is a "regulated person" under the Michigan Debt Collection Practices Act ("MDCPA"), M.C.L. § 445.251(g)(xi).

59. Midland Credit 's foregoing acts in attempting to collect this alleged debt against Mr. Ozanich constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to, M.C.L. § 445.252 (e) and (q).

60. Mr. Ozanich has suffered damages as a result of Midland Credit's violations of the Michigan

Collection Practices Act.

61.   Midland Credit's violations of the Michigan Collection Practices Act were willful.

## Demand for Jury Trial

62.   Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

63.   *Accordingly, Mr. Ozanich requests that the Court grant:*

   a.   *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b.   *Statutory damages.*

   c.   *Treble damages.*

   d.   *Statutory costs and attorney fees.*

                                      Respectfully Submitted,

                                      LYNGKLIP & ASSOCIATES
                                      CONSUMER LAW CENTER, PLC

                                      By:     S/ Julie A. Petrik
                                      Julie A. Petrik (P47131)
                                      Attorney For Christopher Ozanich
                                      24500 Northwestern Highway, Ste. 206
                                      Southfield, MI 48075
                                      (248) 208-8864
                                      JuliePetrik@Att.Net

Dated: October 16, 2008